GREENWALD et al. v. PETITE CIGAR MFG. CO.

(Supreme Court, Appellate Term.   November 14, 1906.)

CORPORATIONS—CONTRACT.
        There was no contract of purchase binding defendant corporation, where
    its manager, being called on to purchase, referred plaintiff to R., with the
    statement that "anything R. says about this is all right," and R. said he
    would purchase; R. not being employed about defendant's premises, not
    being an officer of it, and having no power to bind it.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§
    1592–1598.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Morris Greenwald and others against the Petite Cigar Manufacturing Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Goldsmith & Rosenthal, for appellants.

Mandelbaum Bros., for respondent.

DOWLING, J. Plaintiffs sue to recover the sum of $194, claimed to be due from defendant, a corporation, as the agreed purchase price of 97,000 cigar bands and labels. Upon the trial it was sought to establish defendant's liability by proving a contract made between plaintiff's salesman, one Leo Schwab, and defendant's manager, one Aaron Rider. But the evidence showed that, so far from said manager having made a contract for the purchase of these labels and bands, when Schwab called upon him to urge the purchase thereof, he was referred to one Harry Rothschild by Rider, who, in so referring him, said that the purchase of such goods was not in his department. It is true that he also said, "Anything Rothschild says about this is all right." Rothschild is claimed to have said to Schwab, after inspecting samples of the labels and bands, that they were an excellent band and he would take them. But Harry Rothschild, by the admission of plaintiffs' own witness, was not employed about defendant's premises, and it affirmatively appears that he was not at any time an officer of defendant corporation. He had no power whatever to bind defendant in any way.

The plaintiffs have failed to prove any sale to defendant, and the judgment should be affirmed, with costs.

GILDERSLEEVE, J., concurs. DUGRO, J., concurs in result.